IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL BENJAMIN DAGGETT,　　　　　　　　　　Civ. No. 07-6170-AA

　　　　Plaintiff,　　　　　　　　　　　　　　OPINION AND
　　　　　　　　　　　　　　　　　　　　　　　ORDER OF DISMISSAL
　　v.

STATE OF OREGON, et al.,

　　　　Defendants.

AIKEN, Judge:

　　　　On July 13, 2007 plaintiff filed a "Counterclaim and Injunction" allegedly in admiralty. Plaintiff sues the State of Oregon, the Legislative Assembly, Linn County Circuit Court, the Oregon State Bar, and three individual defendants - Andrew Bean, a private attorney, John McCormick, a Circuit Court Judge for the State of Oregon, and Donald Smith, apparently a Circuit Court employee.

　　　　All defendants move to dismiss plaintiff's claims, or in the alternative, to make them more definite and certain. Defendants

1    - OPINION AND ORDER OF DISMISSAL

argue that plaintiff's complaint fails to meet federal pleading requirements, fails to state a claim, and fails to establish subject matter jurisdiction. I agree with defendants that plaintiff's pleading contains numerous deficiencies and fails to meet federal jurisdictional requirements. Further, I find that these deficiencies cannot be cured.

Plaintiff's complaint does not satisfy Federal Rules of Civil Procedure 8(a) or 8(e) which require plaintiff to set forth his claim in a <u>short and plain statement</u> showing that he is entitled to relief. Plaintiff's complaint is thirty-three pages long and yet does not give a precise or clear recitation of the facts or events that support his claims. Given that plaintiff's complaint includes references to suits in admiralty, the "Savings to Suitors" clause, the Department of Revenue, John Adams, and "International INTERPOL," the court is unable to discern the precise nature of plaintiff's lawsuit or the basis for his claims. That said, none of plaintiff's allegations assert conduct by any defendant that would support the claims alleged or the relief sought by plaintiff.

Construing plaintiff's pleading liberally, plaintiff fails to allege a violation of federal law that would allow this court to exercise jurisdiction over his claims. To bring suit in federal court, plaintiff must allege that 1) the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000," or 2) that his claims raise a question of federal law.

2    - OPINION AND ORDER OF DISMISSAL

See 28 U.S.C. §§ 1331, 1332(a). Plaintiff and the defendants are not citizens of different states; therefore, plaintiff must assert federal question jurisdiction.

Plaintiff's complaint appears to allege that the Oregon state courts are without jurisdiction over him, and that the state court proceeding in Linn County violated some constitutional right. Further, plaintiff seeks damages and requests that the court suspend Mr. Bean's status as a licensed attorney and terminate the employment of Judge McCormick and Mr. Smith. Essentially, aside from the requests for termination, plaintiff seeks federal court invalidation of a state court proceeding brought against him by a non-party to this action. However, "federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism." Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson, 48 F.3d 391, 393 (9th Cir. 1995) (citing Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 626-27 (1986)).

Even if the state court proceeding resulted in a final judgment, plaintiff cannot seek review of that judgment in this court. Review of a final state court decision by a federal court is a *de facto appeal* of a state court decision and prohibited under the Rooker-Feldman doctrine of the United States Supreme Court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). Instead, plaintiff must

3    - OPINION AND ORDER OF DISMISSAL

seek review of the judgment against him in the Oregon Court of Appeals.

Furthermore, the Eleventh Amendment to the United States Constitution prohibits plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 540-542 (2002); College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984). The State has not consented to suit under these circumstances, and the Legislative Assembly, the Circuit Courts, and the Oregon State Bar are arms of the State. Erwin v. Oregon ex rel. Kitzhaber, 231 F. Supp. 2d 1003, 1007 (D. Or. 2001); Or. Rev. Stat. § 9.010. Similarly, Judge McCormick and Mr. Smith are sued in their official capacities as state actors, and therefore the State's sovereign immunity bars suit against them as well. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Additionally, Judge McCormick and Mr. Smith are immune from suit for actions related to the exercise of judicial functions. See Forrester v. White, 484 U.S. 219, 225 (1988); In re Castillo, 297 F.3d 940, 947-48 (9th Cir. 2002). Mr. Bean, as a private attorney and not a "state actor," cannot be held liable for alleged constitutional violations, and his actions taken during the course

of judicial proceedings on behalf of a client are privileged. See 42 U.S.C. § 1983; <u>Jensen v. Lane County</u>, 222 F.3d 570, 574 (9th Cir. 2000); <u>Mantia v. Hanson</u>, 190 Or. App. 412, 417-18, 79 P.3d 404 (2003). Finally, plaintiff's complaint and related attachments do not allege facts to support any type of claim against the Oregon State Bar, as that entity was in no way involved in the underlying state court action against plaintiff.

Generally, a *pro se* plaintiff is given the opportunity to amend a complaint and cure any deficiencies identified by the court. However, for the reasons explained above, the deficiencies cannot be cured in this case.

## Conclusion

Plaintiff fails to allege a cognizable claim against any defendant under federal law. Further, for the reasons explained above, I find amendment would be futile. Accordingly, defendants' Motions to Dismiss (docs. 12, 14, and 16) are GRANTED. This case is DISMISSED.

IT IS SO ORDERED.

Dated this  25  day of September, 2007.


          /s/ Ann Aiken
            Ann Aiken
    United States District Judge

5    - OPINION AND ORDER OF DISMISSAL